## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:    PATRICIA ANN GRAYER,

        DEBTOR                                           Case No. 10-10410-DWH

---

**TERRE M. VARDAMAN, in her official capacity**
**as Chapter 13 Trustee,**                                        **PLAINTIFF**

**VS.**                                          **Adversary No. _____**

**WELLS FARGO BANK, N.A.**                       **DEFENDANT**

### ADVERSARY COMPLAINT

### Introduction

1. This is a complaint against Wells Fargo Bank, N.A. ("Defendant") for disgorgement of overpayments, turnover, sanctions, abuse of the bankruptcy process, and violation of the automatic stay brought pursuant to Sections 105, 502(j) and 542(a) of the Bankruptcy Code.

2. Plaintiff alleges Defendant filed a proof of claim in Debtor's bankruptcy case that overcharged Debtor for escrow arrearages by including pre-petition escrow arrearages as a separate component of that proof of claim while also including all or part of the same escrow arrearages in the pre-petition delinquent mortgage payments included in the same proof of claim. This "double-dipping" has resulted or will result in the wrongful taking of unmerited amounts from Debtor's bankruptcy estate.

3. To the extent that Defendant has already collected unmerited amounts from Debtor's bankruptcy estate, Plaintiff seeks disgorgement and recovery of all wrongfully collected amounts pursuant 11 U.S.C. § 542(a) and her inherent power as a Chapter 13 Trustee.

4. Pursuant to 11 U.S.C. §§ 502(b)(1) and 502(j), as well as Bankruptcy Rule 3007, Plaintiff objects to Defendant's proof of claim, seeks disgorgement, reconsideration pursuant to

Bankruptcy Rule 3008 where appropriate, sanctions and an order permanently enjoining Defendant from engaging in such behavior in the future.

5. Plaintiff alleges that the Defendant's practices as described herein constitute gross abuses of the bankruptcy process, invoke the Court's equitable authority under 11 U.S.C. §105, and requests the Court sanction Defendant and enter such orders as may be necessary to ensure that the Plaintiff is afforded a complete and effective remedy for Defendant's abusive acts.

## Jurisdiction and Venue

6. This Court has jurisdiction over this matter pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises under Title 11 of the United States Code, arises in and is related to the Chapter 13 case of the Debtor (Case Number 10-10410) and is premised upon violations of the Bankruptcy Code and Bankruptcy Rules.

7. This matter is primarily a core proceeding, and therefore the Bankruptcy Court has jurisdiction to enter a Final Order.

8. Venue lies in this District pursuant to Sections 1391(b) and 1409 of Title 28 of the United States Code, inasmuch as Defendant does business in this District and the Debtor's bankruptcy case is pending in this district.

## Parties

9. Plaintiff, Terre M. Vardaman, ("Vardaman" or "Trustee Vardaman") is a Chapter 13 Trustee for the Northern District of Mississippi and is the duly appointed trustee in the Chapter 13 bankruptcy case of Patricia Ann Grayer, Case Number 10-10410-DWH.

10. Defendant, Wells Fargo Bank, N.A., is a financial services company with its principal office located at 101 N. Phillips Avenue, Sioux Falls, SD 57104.

**Factual Allegations**

11. On January 28, 2010, Patricia Ann Grayer filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

12. On February 10, 2010, Defendant filed a proof of claim in Grayer's Chapter 13 case. (February 10, 2010, Proof of Claim, Exhibit A).

13. The proof of claim included six (6) delinquent mortgage payments and associated late fees totaling $11,345.53. (Exhibit A).

14. Each of the delinquent mortgage payments included in the proof of claim included an escrow component of approximately $518.96. (Exhibit A).

15. The proof of claim also included a separate claim for "escrow shortage" in the amount of $1,138.50. (Exhibit A).

16. The proof of claim further stated that, effective February, 2010, Debtor's new monthly mortgage payment would decrease from $1,867.38 to $1,756.55, which amount included a reduction of the escrow component from $518.96 to $408.13). (Exhibit A).

17. The above-referenced proof of claim was deemed allowed by the Bankruptcy Court, either by way of 11 U.S.C. §502(a) or by agreed order and Plaintiff has made to Defendant the payments called for pursuant to said proof of claim.

18. Based on the foregoing, Defendant has improperly collected or attempted to collect twice on all or part of the escrow shortage associated with Grayer's loan in violation of the Bankruptcy Code and Bankruptcy Rules.

**First Claim for Relief**

**(Recovery of Overpayment/Disgorgement)**

19. The allegations in Paragraphs 1 through 18 of this Complaint are re-alleged and incorporated herein by reference.

20. Defendant's "double-dipping" proof of claim has resulted in Defendant collecting excess and unmerited amounts from the Plaintiff.

21. Plaintiff, pursuant to 11 U.S.C. 542(a) and the inherent power granted her as a Chapter 13 Trustee by the Bankruptcy Code, may recover excess payments made to creditors such as Defendant.

22. Plaintiff is accordingly entitled to an order requiring Defendant to disgorge and repay to the Plaintiff all amounts wrongfully collected pursuant to the "double-dipping" proof of claim, as well as the recovery of the costs associated with this adversary proceeding.

## Second Claim for Relief

### (Objection Pursuant to Bankruptcy Rule 3007 and 11 U.S.C §502(j))

23. The allegations in Paragraphs 1 through 22 of this Complaint are re-alleged and incorporated herein by reference.

24. Defendant's proof of claim impermissibly seeks to collect escrow arrearages both as a separate component of Defendant's claim and as a part of the delinquent monthly mortgage payments included as arrearages in that claim.

25. This claim has been deemed allowed pursuant to 11 U.S.C. §502(a).

26. Due to Defendant's improper over-collection of escrow arrearages, cause exists to support Plaintiff's objections and, where appropriate, the Court's reconsideration of claims already deemed allowed, and Defendant's proof of claim should be disallowed.

27. All monies wrongfully collected by Defendant pursuant to the "double-dipping" proof of claim should be disgorged and returned to the Plaintiff for the benefit of the affected bankruptcy estate, along with any profits derived therefrom.

### Third Claim for Relief

### (Reconsideration Pursuant to Bankruptcy Rule 3008 and 11 U.S.C. §502(j))

28. The allegations in Paragraphs 1 through 27 of this Complaint are re-alleged and incorporated herein by reference.

29. Defendant has filed a proof of claim that impermissibly seeks to collect escrow arrearages both as a separate component of Defendant's claim and as a part of the delinquent monthly mortgage payments included as arrearages in that claim.

30. This claim has been allowed pursuant to court order.

31. Due to Defendant's improper over-collection of escrow arrearages, cause exists to support Plaintiff's request for reconsideration of claims already allowed, and Defendant's proof of claim, upon reconsideration, should be disallowed.

32. All monies wrongfully collected by Defendant pursuant to the "double-dipping" proof of claim should be disgorged and returned to the Plaintiff for the benefit of the affected bankruptcy estates, along with any profits derived therefrom.

### Fourth Claim for Relief

### (Abuse of the Bankruptcy Process)

33. The allegations in Paragraphs 1 through 32 of this Complaint are re-alleged and incorporated herein by reference.

34. Defendant's acts as described herein constitute a knowing and willful filing of a claim in excess of the amounts to which Defendant is entitled in this Chapter 13 case and constitutes an abuse of the bankruptcy process.

35. As a result of Defendant's conduct, Plaintiff is entitled to sanctions against Defendant in an amount sufficient to deter such conduct in the future and provide Plaintiff with a full and effective remedy.

### Fifth Claim for Relief

### (Injunctive and Declaratory Relief)

36. The allegations in Paragraphs 1 through 35 of this Complaint are re-alleged and incorporated herein by reference.

37. Plaintiff is entitled to an Order declaring that Defendant's practices described herein are illegal and improper and in violation of the Bankruptcy Code and Rules.

38. Plaintiff is entitled to an Order permanently enjoining Defendant from engaging in such acts and practices in the future.

39. Plaintiff is entitled to invoke and does hereby invoke this Court's equitable power under Section 105 of the Bankruptcy Code.

40. To the extent that Defendant has wrongfully collected amounts pursuant to its improper proof of claim, Plaintiff is entitled to an Order requiring Defendant to turn over all amounts so collected, plus interest, and requiring an accounting thereof.

41. Plaintiff is entitled to such other relief as the Court deems appropriate, including reasonable attorneys' fees and expenses.

WHEREFORE, having set forth her claims, Plaintiff respectfully prays of the Court as follows:

A. That the Court enter an Order declaring that Defendant's acts and practices described herein violate the Bankruptcy Rules and the United States Code; constitute an abuse of the bankruptcy process; and are improper and illegal;

B. That the Court enter an Order permanently enjoining Defendant from engaging in such practices in the future;

C. That the Court enter an Order imposing a monetary fine upon Defendant for each and every improper act committed against Plaintiff;

D. That the Court enter an Order requiring Defendant to disgorge and turn over to

Plaintiff all amounts wrongfully collected from Plaintiff, plus interest at a reasonable rate, plus any profits derived from such amounts;

E. That the Plaintiff recovers from Defendant all reasonable fees and expenses incurred by her attorneys;

F. That the Court impose monetary sanctions on Defendant for its abuse of the bankruptcy process in an amount sufficient to deter Defendant from engaging in such practices in the future and provide Plaintiff with a full and complete remedy;

G. That the Court provide all other and further relief that the Court may deem just and proper.

Dated this the 15th day of December, 2010.

/s/ W. Lawrence Deas
W. Lawrence Deas, Esq., MSBN: 100227
Deas & Deas, LLC
353 North Green Street
P.O. Box 7282
Tupelo, MS 38803
Phone (662) 842-4546
Fax (662) 842-5449
Email:  Lawrence@deaslawfirm.com

ATTORNEY FOR PLAINTIFF